**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADAM LORBER, Derivatively on behalf of VIATRIS INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT ANDREW SMITH, THEODORA MISTRAS, CORINNE LE GOFF, MELINA HIGGINS, W. DON CORNWELL, JOELLEN LYONS DILLON, ELISHA FINNEY, LEO GROOTHUIS, JAMES M. KILTS, RICHARD MARK, MARK PARRISH, ROGERIO VIVALDI COELHO, RAJIV MALIK, and HARRY KORMAN, <br><br> Defendants, <br><br> and <br><br> VIATRIS INC., <br><br> Nominal Defendant. | Case No. 1:26-cv-00579-UNA |

**MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL**

Plaintiff Adam Lorber ("Plaintiff"), derivatively on behalf of Viatris Inc. ("Viatris" or the "Company"), by and through his undersigned attorneys, respectfully moves this Court, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Rule 5.1.3 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware for leave to file the Verified Stockholder Derivative Complaint (the "Complaint") under seal. In support of this Motion, Plaintiff avers as follows:

1.      The Complaint refers to non-public documents Plaintiff obtained through a books and records inspection demand made to Viatris pursuant to 8 *Del. C.* § 220 (the "Inspection Demand").  The information contained in these documents was designated as confidential by

1

Viatris pursuant to a Confidentiality Agreement entered into between Plaintiff and Viatris dated February 23, 2026 (the "Confidentiality Agreement").

2.        The Complaint refers to non-public, confidential information regarding regulatory compliance and internal deliberations by the Board of Directors that has been designated as confidential by the Company.  Accordingly, certain information contained in the Complaint should be protected from disclosure and remain confidential.

3.        "[T]he party seeking the…sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *SoftView LLC v. Apple Inc.*, CIV. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012). In the Third Circuit, "the focus of the inquiry is aimed at determining whether the party seeking to protect sealed judicial records has specifically demonstrated the need to keep the materials under seal." *Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000).

WHEREFORE, Plaintiff respectfully requests leave of Court to file the Complaint under seal.

Dated: May 20, 2026

Respectfully submitted,

By _/s/ Ryan M. Ernst_____
**BIELLI & KLAUDER, LLC**
Ryan M. Ernst, Esquire (No. 4788)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600

**OF COUNSEL:**

**GLANCY PRONGAY**
 **WOLKE & ROTTER LLP**
Benjamin I. Sachs-Michaels
745 Fifth Avenue, Fifth Floor
New York, New York 10151
Telephone: (212) 935-7400
bsachsmichaels@glancylaw.com

*Attorneys for Plaintiff*

-and-

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
rprongay@glancylaw.com
prajesh@glancylaw.com

**THE LAW OFFICES OF HOWARD G.
SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (214) 638-4847
hsmith@howardsmithlaw.com

3